IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Adversary No. _____ |
| **Kimberly Danielle Fox** | : | Case No. **1:21-bk-10696** |
| Debtor. | : | (Chapter 7) |
| _____ | : | Judge Beth A. Buchanan |
| Kimberly Danielle Fox | : | |
| 309 Jackson Avenue | | **COMPLAINT TO AVOID TRANSFER,** |
| Cincinnati, OH 45217 | : | **UNDER 11 U.S.C. 522, AND TO** |
| | | **RECOVER MONEY TRANSFERRED,** |
| Plaintiff | : | **AND FOR RELATED RELIEF** |
| v. | : | |
| TriHealth, Inc. | : | |
| c/o OSAC, Inc., Agent | | |
| 100 S. Third Street | | |
| Columbus, OH 43215 | | |
| Defendant. | | |

Now comes Plaintiff, by and through counsel, and, for her complaint against Defendant, makes the following averments:

**Jurisdictional Statement**

1. This action arises out of <u>In re Kimberly Danielle Fox</u>, Bankruptcy Case No. 1:21-bk-10696, pending in the United States Bankruptcy Court for the Southern District of Ohio, Western Division, at Cincinnati, and is brought pursuant to B.R. 7001(1) and B.R. 7003.

2. This Court has jurisdiction over the subject-matter of this action, pursuant to 28 U.S.C. 1334 and 28 U.S.C. 157.

3. This action is a core proceeding as that term is defined at 28 U.S.C. 157(b)(2)(F).

## **Factual Background**

4. Plaintiff filed a petition commencing the underlying bankruptcy case on March 31, 2021.

5. As of the commencement of said case, Plaintiff was indebted to Defendant, TriHealth, Inc., in the approximate amount of $14,234.00.

6. On or from the date of January 7, 2021, through March 18, 2021, Defendant caused a transfer or transfers of property of Plaintiff (which may hereinafter be referred to either singularly or plurally) in the form of a wage garnishment(s) occurring on or within said date(s), in execution of a civil judgment entered in Case No. 18CV04023, in the Hamilton County Municipal Court.

7. Specifically, the property transferred consists of amounts totaling not less than $1,335.14 (hereinafter, "funds"), which were withheld or withdrawn from the earnings of Plaintiff.

8. At the time of any transfer, rights to the entirety of the funds were wholly and exclusively vested in Plaintiff, as earned wages.

9. The funds were transferred to or for the benefit of a creditor, the Defendant, for or on account of an antecedent debt owed by Plaintiff before such transfer was made.

10. The transfer was made while Plaintiff was insolvent, and was made on, or within the 90 days preceding, the date of the filing of the underlying bankruptcy petition.

11. Upon delivery thereof, the transfer of funds enabled, or would enable, Defendant to receive more than such creditor would receive if the transfer had not been made and Defendant received payment of its claim to the extent provided by the provisions of Title 11 U.S.C. Chapter 7.

12. The transfers are avoidable by the appointed Chapter 7 Trustee as preferential transfers, under 11 U.S.C. 547.

13. The Trustee has not attempted to avoid the transfer(s), and the Trustee has indicated through the filing of a Report of No Distribution that the Trustee will undertake no such effort in the underlying estate case.

14. No transfer of funds constituted a voluntary transfer by Plaintiff.

15. Plaintiff did not conceal the funds or the transfer thereof.

16. Plaintiff would have been entitled, under 11 U.S.C. 522(g)(1), to claim the funds as exempt if the Trustee had avoided the transfer, to the extent of $1,335.14.

17. Plaintiff has asserted, or could assert, available and unused exemptions against the funds, under 11 U.S.C. § 522(d)(5), to the extent of $1,335.14.

### First Claim

18. Plaintiff incorporates the averments of Paragraphs 4 through 17, as if fully restated herein.

19. Plaintiff is entitled, under 11 U.S.C. § 522(h), to an order avoiding the transfer of funds in the full amount of $1,335.14, on the grounds that the transfer is avoidable by the Trustee as a preference under 11 U.S.C. § 547 which the Trustee has not sought to avoid.

### Second Claim

20. Plaintiff incorporates the averments of Paragraphs 4 through 17, as if fully restated herein.

21. Plaintiff is entitled, under 11 U.S.C. § 522(i), to judgment against Defendant in the amount of $1,335.14.

### Third Claim

22. Plaintiff incorporates the averments of Paragraphs 4 through 17, as if fully restated herein.

23. Plaintiff is entitled, under 11 U.S.C. § 522(i), to an order requiring Defendant to immediately deliver the subject funds into Plaintiff's possession, to the extent of $1,335.14.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant on the claims asserted hereinabove, and for relief as follow:

a. An order avoiding the aforesaid transfer(s) of funds in the amount of $1,335.14;

b. An award of judgment against Defendant in the amount of $1,335.14;

c. An order requiring turnover of the aforesaid funds in the amount of $1,335.14 (such turnover to constitute full satisfaction of judgment);

d. An award of any additional or alternative relief as may be just and proper at law or in equity;

e. Costs of this action.

          Respectfully submitted,

          /s/ **Daniel S. Zegarski**
          _____
          Daniel S. Zegarski (0065562)
          STEIDEN LAW OFFICES
          411 Madison Avenue
          Covington, KY 41011
          (513) 888-8888
          (859) 800-3299  (Facsimile)
          dzegarski@steidenlaw.com